UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                         :
LOREN D. YOUNG,                          :    CASE NO. 1:19CV909
                                         :
    Plaintiff,                           :
                                         :
vs.                                      :    OPINION & ORDER
                                         :
WARDEN ERIC IVEY, *et al.*,              :
                                         :
    Defendants.                          :
                                         :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

**Background**

*Pro se* plaintiff Loren D. Young, an Ohio prisoner currently incarcerated in the Lake Erie Correctional Institution, has filed an *in forma pauperis* civil rights complaint in this matter against four Cuyahoga County officials and employees: Cuyahoga County Jail Warden Eric Ivey, Sheriff Clifford Pickney, Jail Director Kenneth Mills, and County Executive Armond Budish. (Doc. No. 1.) In his complaint, he alleges he was subjected to inhumane conditions while he was previously incarcerated in the Cuyahoga County Jail. He alleges that while detained in the Jail, he was "forced to eat contaminated food" served on cracked plastic trays with stagnant water and mold; was not provided adequate food; that "[m]ice and other vermin were running around the edges of the walls in the housing units and in the kitchen area"; that he was housed in a unsanitary three-man cell where he was forced to eat his meals in a room with the toilet and sleep on a worn-out mat; and that he "was denied fresh air and recreation," showers, and cell-cleaning "for days at a time" due to the Jail's "red-zone" practice. (*Id*. at 2.) He also alleges he was not provided proper follow-up care after he passed out in the arraignment courtroom in July 2017. He alleges after he received emergency care at Lutheran hospital in connection with this incident, the Doctor suggested that he

Case No. 1:19CV00909
Gwin, J.

follow up with a neurologist within 24 hours, but "the Sheriff's Deputy took [him] right back to the County jail and locked [him] away and took [his] hospital papers." (*Id.*)

The plaintiff has not set forth allegations in his complaint indicating that the defendants were personally involved in committing the deprivations and conditions he alleges he experienced. He generally alleges the defendants failed to perform their job duties to ensure that inmates were provided adequate and sanitary housing, or, that they failed to supervise others responsible for doing so or respond to complaints. (*See* Doc. No.1 at 3, ¶¶ 1-4.) Asserting violation of his Eighth Amendment rights, the plaintiff seeks $650,000 in monetary relief.

**Standard of Review**

Although federal courts are obligated to construe *pro se* complaints liberally, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), such principles are not without limits. *See Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to "conjure allegations on [their] behalf." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

The Prison Litigation Reform Act, Pub. L. No. 103–134, 110 Stat. 1321 (1996), requires a district court to screen and dismiss before service any prisoner action seeking redress from "a governmental entity or officer or employee of a governmental entity" that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915A. To survive a dismissal for failure to state a claim under § 1915A, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under 28 U.S.C. § 1915A).

Case No. 1:19CV00909
Gwin, J.

**Discussion**

Upon review, the Court finds that the plaintiff's complaint must be dismissed.

Supervisory officials cannot be liable for constitutional violations under 42 U.S.C. § 1983 solely on the basis of *respondeat superior*. *See Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999). Accordingly, a plaintiff cannot establish the individual liability of a defendant for constitutional violations absent allegations showing that each defendant was personally involved in the conduct which forms the basis of his claims. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Additionally, "[s]upervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006) (citation omitted). "Rather, the supervisors must have actively engaged in unconstitutional behavior." *Id.* And "liability must lie upon more than a mere right to control employees and cannot rely on simple negligence." *Id.*

The plaintiff has not set forth allegations sufficient to demonstrate that the defendants are individually liable for the conditions he alleges because, at the most, his allegations suggest he seeks to hold the defendants liable on the basis of *respondeat superior*, negligent conduct, or a failure to act.

Further, the plaintiff has not alleged facts in his complaint sufficient to raise a claim under *Monell v. Department of Social Services*, 436 U.S. 658, 691–695 (1978) for unconstitutional acts resulting from an unconstitutional policy or custom.

Case No. 1:19CV00909
Gwin, J.

## **Conclusion**

Accordingly, the plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated:  August 21, 2019 *s/     James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE